Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TIMOTHY R. DEFOGGI,** | |
| Petitioner, | Civil Action No.: 25-2128 (ES) |
| v. | OPINION |
| **RACHEL THOMPSON,** *Warden - FCI Fort Dix*, | |
| Respondent. | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court upon the filing by *pro se* Petitioner Timothy R. Defoggi ("Petitioner") of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241") (D.E. No. 1 ("Petition" or "Pet.")), attached exhibits (D.E. No. 1-1), and a Notice of Unscheduled Transfer (D.E. No. 2 ("Notice of Unscheduled Transfer" or "Not. of Unscheduled Transfer")). When he filed his Petition, Petitioner, a convicted federal prisoner, was incarcerated at FCI Fort Dix, Joint Base MDL, New Jersey. (*See id.*). He names Rachel Thompson, the Warden of FCI Fort Dix, as the respondent ("Respondent"). (*Id.*). In accordance with Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4"), applicable to Section 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases ("Rule 1(b)"), the Court is required to screen the Petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." For the reasons set forth below, the Court **DISMISSES** *without prejudice* the Petition for lack of jurisdiction.

**I.      BACKGROUND**

Petitioner alleges that he has been denied medical care for glaucoma and other serious eye conditions in both eyes, including benign choroidal nevus, disorder of the iris ciliary, disorder of the sclera, subconjunctival hemorrhage, and vitreous hemorrhage, for approximately seven years. (Pet. at 1, 3–8). According to him, FCI Fort Dix medical staff's deliberate indifference has led to a permanent loss of forty percent of his vision in both eyes, and the staff's continued neglect will ultimately result in total blindness. (*Id.*). He also indicates that the drug prescribed to treat his enlarged prostate was worsening his glaucoma. (*Id.*).

Petitioner seeks an order requiring Respondent: (i) within seven days of the issuance of the order, to schedule Petitioner for an examination by a qualified ophthalmologist; (ii) within fourteen days of the issuance of the order, to provide him with a medical report based on this ophthalmological examination; (iii) within thirty days of the issuance of the order, to ensure that Petitioner is receiving appropriate treatment for all eye-related issues; (iv) within fourteen days of the issuance of the order, to coordinate with the ophthalmologist to ensure Petitioner is being provided with an appropriate and safe medication to treat his enlarged prostate; and (v) within fourteen days of the issuance of the Court's order, request that New Jersey Retina provide a diagnosis and treatment plan for identified eye-related issues.[1] (*Id.* at 8–9).

The Petition was filed on March 23, 2025.[2] In the Notice of Unscheduled Transfer, which was dated March 27, 2025, Petitioner stated that, on that date, he was ordered to pack up his belongings for an impending (and unrequested) institutional transfer on or about April 1, 2025. (Not. of Unscheduled Transfer at 1). He "believe[d] that the Bureau of Prisons ['BOP'] is

---

[1]      Petitioner also attaches as exhibits copies of his administrative remedy requests, responses, and medical records. (*See* D.E. No. 1-1).

[2]      *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (holding that a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court).

transferring Petitioner in order to remove jurisdiction from this Court due to [his pending Petition]." (*Id.*). He objected to his transfer due to his numerous health care issues and indicated that he provided notice of his medical concerns to the medical staff at FCI Fort Dix. (*Id.*) (further noting that typically a medical hold is placed on institutional transfers but no such hold had been placed on Petitioner).

According to the BOP Inmate Locator,[3] Petitioner is no longer incarcerated at FCI Fort Dix. Instead, he is currently located at FCI Coleman Low in Sumterville, Florida.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 2241(c)(3), a federal court has jurisdiction over a habeas petition only if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." *See Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rules 4 and 1(b), a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.    DISCUSSION

In his Petition, Petitioner alleges that medical staff have demonstrated deliberate indifference by denying him medical care for his glaucoma and other eye conditions, which has resulted in substantial vision loss and will cause total blindness. (Pet. at 1, 3–8.). "[A] habeas petition is the proper vehicle for a prisoner to (1) challenge 'the constitutionality of [the] physical confinement itself' and (2) seek 'either immediate release from that confinement or the shortening of its duration.'" *Ramos v. Thompson*, No. 24-6645, 2024 WL 3518125, at *2 (D.N.J. Jul. 24, 2024) (alteration in original) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Accordingly, a habeas proceeding is appropriate where Petitioner seeks release from detention.

---

[3]     *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 21, 2025) (Bureau of Prison ("BOP") Register Number 56316-037).

*See id.* However, "[w]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 [or *Bivens*] is appropriate." *Id.* (alteration added) (quoting *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002); *see also Conrad v. Merendino*, No. 23-3781, 2023 WL 8374054, at *2 (D.N.J. Dec. 4, 2023).

"Petitioner does not seek immediate release from prison or a shorter duration of confinement." *Ramos*, 2024 WL 3518125, at *2. Instead, he seeks an order directing Respondent to provide him with the requisite medical examinations and treatment. (Pet. at 8–9). Because he thereby requests injunctive relief requiring "a change in his medical care while incarcerated," *Ramos*, 2024 WL 3518125, at *2. a habeas proceeding is not the proper vehicle to litigate Petitioner's claims, and this Court lacks jurisdiction under Section 2241.

Furthermore, even if the Court had habeas jurisdiction, the Court would still dismiss the Petition as moot. Under Article III of the United States Constitution, federal courts only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "The parties must continue to have 'a personal stake in the outcome' of the lawsuit." *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). "[I]f a case no longer presents a live case or controversy, the case is moot, and the federal court lacks jurisdiction to hear it." *Williams v. New Jersey*, No. 18-14964, 2020 WL 3259223, at *2 (D.N.J. June 16, 2020) (citing *Nextel W. Corp. v. Unity Twp.*, 282 F.3d 257, 261 (3d Cir. 2002)). "An action becomes moot when '(1) there is no reasonable expectation that the alleged events will recur . . . and (2) interim relief or events have completely eradicated the effects of the violation.'" *Ames v. Westinghouse Electric*

*Corp.*, 864 F.2d 289, 291–92 (3d Cir. 1988) (alteration in original) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).

Petitioner was transferred from FCI Fort Dix and is currently confined at FCI Coleman Low. "A change in custodial location after a § 2241 petition was filed would usually not divest the Court of § 2241 jurisdiction." *Wilcox v. Caldwell*, No. 21-11623, 2024 WL 2720462, at *2 (D.N.J. May 28, 2024) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *Gorrell v. Yost*, 509 F. App'x 114, 118 (3d Cir. 2013)). However, "[a]n inmate''s transfer from the facility complained of generally moots the equitable and declaratory claims." *Folk v. Warden Schuylkill FCI*, No. 23-1935, 2023 WL 5426740, at *2 (3d Cir. Aug. 23, 2023) (per curiam) (alteration in original) (quoting *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (per curiam)). In this case, the Court "loses Article III jurisdiction because [p]etitioner has functionally obtained the relief he requested by virtue of the fact that he is no longer being detained in" in FCI Fort Dix. *See Wilcox*, 2024 WL 2720462, at *2 (alteration in original) (quoting *Ford v. Caldwell*, No. 20-12655, 2023 WL 4248813, at *3 (D.N.J. June 29, 2023)). As a result of his transfer from FCI Fort Dix, the medical providers at the facility are no longer failing to examine and treat his glaucoma and other alleged medical conditions. (Pet. 1, 3–8); *see also Conrad*, 2023 WL 8374054, at *3. "In other words, even if the Court found that [it had habeas jurisdiction, the Petition had merit,] and ordered Warden [Thompson] to direct [her] staff to provide the [requisite medical examinations and treatment], those rulings would have no effect, constitutional or otherwise, on Petitioner, as he no longer resides at [FCI Fort Dix]. Consequently, there is no live controversy regarding [the Petition]." *Conrad*, 2023 WL 8374054, at *3.

**IV.   CONCLUSION**

For the reasons stated above, the Court **DISMISSES** *without prejudice* the Petition for lack

5

of jurisdiction. An appropriate order follows.

**Dated:** April 21, 2025

<u>s/ *Esther Salas*</u>
**Esther Salas, U.S.D.J.**