**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **TIMOTHY R. DEFOGGI,** | |
| **Petitioner,** | **Civil Action No.: 25-2128 (ES)** |
| **v.** | **OPINION** |
| **RACHEL THOMPSON,** *Warden - FCI Fort Dix*, | |
| **Respondent.** | |

**SALAS, DISTRICT JUDGE**

Before the Court are the motion for reconsideration filed by *pro se* petitioner Timothy R. Defoggi ("Petitioner") as well as subsequent correspondence he filed in support of this motion. (D.E. No. 9 ("Motion for Reconsideration" or "Mot. for Recons."); D.E. No. 10 ("May 5, 2025 Letter"); D.E. No. No. 12 ("August 4, 2025 Letter" or "Aug. 4, 2024 Letter")). In his Motion for Reconsideration, Petitioner asks the Court to reconsider the Opinion and Order entered on April 21, 2025, which dismissed *without prejudice* for lack of jurisdiction the petition for a writ of habeas corpus filed by Petitioner pursuant to 28 U.S.C. § 2241 (D.E. No. 1 ("Petition" or "Pet.")), as well as this Court's April 30, 2025 Text Order terminating as moot Petitioner's motion for summary judgment (D.E. No. 7 ("Motion for Summary Judgment" or "Mot. for Summ. J.")). *Defoggi v. Thompson*, No. 25-2128, 2025 WL 1161351 (D.N.J. Apr. 21, 2025) ("April 21, 2025 Opinion"); (D.E. No. 5 ("April 21, 2025 Order" or "Apr. 21, 2025 Order"); D.E. No. 8 ("April 30, 2025 Text Order" or "Apr. 30, 2025 Text Order")). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Court **DENIES** the Motion for Reconsideration.

## I.    BACKGROUND

Petitioner is a convicted federal prisoner, and, when he filed his Petition, he was incarcerated at FCI Fort Dix, Joint Base MDL, New Jersey. (Pet. at 3). He named Rachel Thompson, the Warden of FCI Fort Dix, as the respondent ("Respondent"). (*Id.* at 1).

Petitioner alleged that he had been denied medical care for glaucoma and other serious eye conditions in both eyes, including benign choroidal nevus, disorder of the iris ciliary, disorder of the sclera, subconjunctival hemorrhage, and vitreous hemorrhage, for approximately seven years. (*Id.* at 1, 3–8). According to him, FCI Fort Dix medical staff's deliberate indifference resulted in a permanent loss of forty percent of his vision in both eyes, and the staff's continued neglect would ultimately result in total blindness. (*Id.*). He also indicated that the drug prescribed to treat his enlarged prostate was worsening his glaucoma. (*Id.*).

In his Petition, Petitioner sought an order requiring Respondent: (i) within seven days of the issuance of the order, to schedule Petitioner for an examination by a qualified ophthalmologist; (ii) within fourteen days of the issuance of the order, to provide him with a medical report based on this ophthalmological examination; (iii) within thirty days of the issuance of the order, to ensure that Petitioner is receiving appropriate treatment for all eye-related issues; (iv) within fourteen days of the issuance of the order, to coordinate with the ophthalmologist to ensure Petitioner is being provided with an appropriate and safe medication to treat his enlarged prostate; and (v) within fourteen days of the issuance of the Court's order, request that New Jersey Retina provide a diagnosis and treatment plan for identified eye-related issues.[1] (*Id.* at 8–9).

---

[1]    Petitioner also attaches as exhibits copies of his administrative remedy requests, responses, and medical records. (*See* D.E. No. 1-1).

The Petition was filed on March 23, 2025.[2]  (D.E. No. 1).  In a notice dated March 27, 2025, Petitioner stated that, on that date, he was ordered to pack up his belongings for an impending (and unrequested) institutional transfer on or about April 1, 2025.  (D.E. No. 2 at 1).  He "believe[d] that the Bureau of Prisons ['BOP'] is transferring Petitioner in order to remove jurisdiction from this Court due to [his pending Petition]."  (*Id.*).  Petitioner objected to his transfer due to his numerous health care issues and indicated that he provided notice of his medical concerns to the medical staff at FCI Fort Dix.  (*Id.* (further claiming that typically a medical hold is placed on institutional transfers but no such hold had been placed on Petitioner)).

As of April 21, 2025, Petitioner was no longer incarcerated at FCI Fort Dix, and he instead was detained at FCI Coleman Low in Sumterville, Florida.  *See Defoggi*, 2025 WL 1161351, at *2.  According to the BOP Inmate Locator,[3] Petitioner remains at FCI Coleman Low.

On April 21, 2025, the Court, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, screened the Petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *Defoggi*, 2025 WL 1161351, at *1.  The Court concluded that a habeas proceeding was not the proper vehicle to litigate Petitioner's claims for injunctive relief requiring a change in his medical care while incarcerated, the Court lacked jurisdiction under § 2241.  *Id.* at *2.  The Court also determined that, even if the Court had habeas jurisdiction, the Petition would be dismissed as moot given Petitioner's transfer from FCI Fort Dix to FCI Coleman Low.  *Id.* at *2–3.  Accordingly, the

---

[2]    *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (holding that a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court.

[3]    *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Nov. 17, 2025) (Bureau of Prison ("BOP") Register Number 56316-037).

Petition was dismissed *without prejudice* for lack of jurisdiction.  (Apr. 21, 2025 Order at 2).

On April 18, 2025, Petitioner filed a Motion for Summary Judgment, which was docketed on April 25, 2205.  (Mot. for Summ. J.).  In the Motion for Summary Judgment, Petitioner asserted that he was "forcibly" removed from this Court's jurisdiction, described his alleged unsuccessful attempts to obtain urgent medical care for his glaucoma at FCI Coleman Low, and provided "Additional History of Deliberate Indifference by Ft Dix Medical."  (*Id.* at 1–2).  In a Text Order entered on April 30, 2025, the Court noted that, "on April 21, 2025, his petition for habeas corpus was DISMISSED WITHOUT PREJUDICE FOR LACK JURISDICTION, and this case was CLOSED."  (Apr. 30, 2025 Text Order).  "Accordingly, Petitioner's 'Motion for Summary Judgment' (D.E. No. 7) is hereby TERMINATED AS MOOT."  (*Id.*).

On April 26, 2025, Petitioner filed his Motion for Reconsideration (which was docketed on May 1, 2025).  (Mot. for Recons.).  He filed additional submissions in support of the Motion for Reconsideration on May 5, 2025 and July 30, 2025.  (May 5, 2025 Letter; July 30, 2025 Letter).

## II.    STANDARD OF REVIEW

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper under Local Civil Rule 7.1(i).  *See Dunn v. Reed Grp., Inc.*, No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan. 13, 2010).  To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  A court commits clear error of law "only if the record cannot support the findings that led to that

ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008)). Thus, a movant "must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling; it must demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* (citations omitted). "In the context of a reconsideration motion, manifest injustice will generally arise only where 'the Court overlooked some dispositive factual or legal matter that was presented to it,' or committed a 'direct, obvious, and observable' error." *Martinez v. Robinson*, No. 18-1493, 2019 WL 4918115, at *1 (D.N.J. Oct. 4, 2019) (citation omitted); *see also* L. Civ. R. 7.1(i).

The Court construes a *pro se* litigant's filings liberally. *Barel v. Fed. Nat'l Mortg. Ass'n*, No. 19-16054, 2019 WL 13213884, at *1 (D.N.J. Sept. 3, 2019); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, "reconsideration is an extraordinary remedy[ ] that is granted 'very sparingly,' and only when 'dispositive factual matters or controlling decisions of law' were brought to the court's attention but not considered." *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (citations omitted); *see also Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005) ("Relief under Rule 7.1(i) will be granted 'very sparingly.'" (citation omitted)); *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992) (explaining that motions for reconsideration are considered "extremely limited procedural vehicle[s]").

"Reconsideration motions may not be used to relitigate old matters, raise new arguments, or present evidence or allegations that could have been raised prior to entry of the original order." *Martinez*, 2019 WL 4918115, at *1 (citation omitted); *see also Blystone v. Horn*, 664 F.3d 397,

415 (3d Cir. 2011) (noting that reconsideration may not be "used as an opportunity to relitigate the case"). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Danise v. Saxon Mortg. Servs. Inc.*, 738 F. App'x 47, 52 (3d Cir. 2018) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). In other words, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("[M]ere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reargument." (citation omitted)). "Moreover, Rule 7.1(i) does not allow parties to restate arguments which the court has already considered; rather, a difference of opinion with the court's decision should be dealt with through the normal appellate process." *Fellenz*, 400 F. Supp. 2d at 683 (quoting *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988)).

## III.  DISCUSSION

First, Petitioner requests reconsideration because Respondent allegedly acted in bad faith when she abruptly transferred Petitioner to another correctional institution in violation of 18 U.S.C. § 2632(d) and BOP Policy Statement 5220.1, which state that a prisoner shall be considered for a close-to-home transfer upon request. (Mot. for Recons. at 1). Petitioner indicates that, because he made no such request, the transfer was designed to "remove" this Court's jurisdiction over his Petition. (*Id.*). Second, "[a]s argued in Petitioner's initial brief and as further articulated within his Motion for Summary Judgment, it is asserted that BOP medical staff have engaged in a long

history of cruel and inhumane treatment of Petitioner's medical needs [specifically failing to treat Petitioner's glaucoma for more than seven years], placing him at risk of serious bodily harm," and thereby exhibiting willful and knowing disregard of his health and safety. (*Id.*). According to the July 30, 2025 Letter, Petitioner allegedly was diagnosed with glaucoma, has lost forty percent of his vision due to the lack of treatment, and the administrative remedy process began almost a year ago but he had yet to be re-evaluated or treated by an ophthalmologist. (July 30, 2025 Letter at 1). After he allegedly provided medical staff at FCI Coleman Low an opportunity to provide treatment, "a follow-on case was filed in the Middle District of Florida, Case No. 25-CV-437-spc-prl." (*Id.*).

In its April 21, 2025 Opinion, the Court explained that, "[w]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 [or *Bivens*] is appropriate." *Defoggi*, 2025 WL 1161351, at *2 (alteration in original) (quoting *Ramos v. Thompson*, No. 24-6645, 2024 WL 3518125, at *2 (D.N.J. July 24, 2024)). "Because he thereby request[ed] injunctive relief requiring 'a change in his medical care while incarcerated,' *Ramos*, 2024 WL 3518125, at *2[,] a habeas proceeding [was] not the proper vehicle to litigate Petitioner's claims, and this Court lack[ed] jurisdiction under Section 2241." *Defoggi*, 2025 WL 1161351, at *2. The Court further concluded that, even if it had habeas jurisdiction, it would still dismiss the Petition as moot given Petitioner's transfer from FCI Fort Dix to FCI Coleman Low. *Id.* at *2–3. In short, "the Court 'loses Article III jurisdiction because [p]etitioner has functionally obtained the relief he requested by virtue of the fact that he is no longer being detained in' in FCI Fort Dix." *Id.* at *3 (alteration in original) (quoting *Wilcox v. Caldwell*, No. 21-11623, 2024 WL 2720462, at *2 (D.N.J. May 28, 2024)).

Petitioner has failed to establish either an intervening change in the controlling law, the

availability of new evidence that was not previously available, or the need to correct a clear legal or factual error or to prevent a manifest injustice.  *See Max's Seafood Café*, 176 F.3d at 677.  Instead, he merely reiterates the same sort of allegations he previously presented regarding the alleged lack of medical treatment for his glaucoma and the purported reasons for his prison transfer.  "Reconsideration motions may not be used to relitigate old matters, raise new arguments, or present evidence or allegations that could have been raised prior to entry of the original order." *Martinez*, 2019 WL 4918115, at *1 (citation omitted).  Petitioner does not address the reasons why the Court dismissed his Petition (and denied his Motion for Summary Judgment), and he thereby cannot establish that this Court committed a clear legal or factual error, or that its rulings resulted in a manifest injustice, by dismissing this matter based on the limited scope of habeas jurisdiction and the mootness doctrine.[4]  Accordingly, the Court concludes that Petitioner is not entitled to the "extraordinary" remedy of reconsideration.  *See Brackett*, 2003 WL 22303078, at *2 (citations omitted).

## IV.    CONCLUSION

For the reasons stated above, the Court **DENIES** the Motion for Reconsideration.  An appropriate Order follows.

**Dated:  November 17, 2025**

s/ *Esther Salas*
**Esther Salas, U.S.D.J.**

---

[4]    Likewise, on August 20, 2025, the United States District Court for the Middle District of Florida dismissed Petitioner's § 2241 action *without prejudice* on the grounds that a habeas petition is not the appropriate avenue for Petitioner to challenge the conditions of his confinement at FCI Coleman Low.  (S.D. Fla. 25-0437, D.E. No. 5 at 3).  It nonetheless stated that Petitioner may initiate a civil rights action under a new case number (and provided him with a civil rights complaint form).  (*Id.* at 4).  On September 10, 2025, the court denied Petitioner's motion for reconsideration.  (S.D. Fla. 25-0437, D.E. No. 10).